UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: | Bankruptcy No. 18-30235 |
| Kristine L. Nordman, | Chapter 7 |
| Debtor. _____/ | |
| Kip M. Kaler, as Bankruptcy Trustee for the Bankruptcy Estate of Kristine L. Nordman, | |
| Plaintiff, | |
| v. | Adversary No. 19-7077 |
| Trust and Estate Search, LLC, | |
| Defendant. _____/ | |

**ORDER**

**I.    INTRODUCTION**

Plaintiff Kip M. Kaler, Bankruptcy Trustee, filed a Complaint seeking to avoid an allegedly fraudulent transfer from Debtor Kristine Nordman to Defendant Trust and Estate Search, LLC. Doc. 1. Trust and Estate Search filed a Motion for Judgment on the Pleadings, asserting the Trustee failed to plead an actionable claim for fraudulent transfer against Trust and Estate Search. Doc. 5.

**II.    FACTS**

Trust and Estate Search is a limited liability company whose principle place of business is Kansas City, Missouri. Doc. 1. Trust and Estate Search claims that it provided services to Debtor to locate unclaimed inheritances. Id. Debtor allegedly signed an agreement providing

1

that, if Trust and Estate Search discovers any assets or interests Debtor holds in the estate of a deceased person, Trust and Estate Search is entitled to 29 percent of any recovery.  Id.

Gloria M. Buhaug, Debtor's grandmother, died in August 2016.  Debtor was aware of her grandmother's death.  Id.  According to the Trustee, Brenda Robideau, the executor of Gloria Buhaug's estate, and various of Debtor's family members knew Debtor's location and had the ability to contact her.  Id.  Trust and Estate Search denies this allegation.[1]

Debtor filed a voluntary Chapter 7 petition for bankruptcy relief on April 26, 2018.  Trust and Estate Search filed a proof of claim in Debtor's bankruptcy case in the sum of $17,690—29 percent of the sum Debtor received—for services it rendered to recover assets from the estate of Gloria Buhaug on Debtor's behalf.  The Trustee filed an objection to the proof of claim.  He also filed this adversary proceeding seeking to avoid the agreement between Debtor and Trust and Estate Search as a fraudulent transfer under 11 U.S.C. § 548.

---

[1] In its Answer, Trust and Estate Search asserts that Robideau did not know Debtor's address when she was administering the estate.  "[I]f the moving party has previously denied the validity of those facts, such denials are 'assumed to be false' or are otherwise without effect, for the purposes of the motion [for judgment on the pleadings]."  Meyer Nat. Foods, LLC v. Liberty Mut. Fire Ins. Co., 218 F. Supp. 3d 1034, 1037 (D. Neb. 2016) (quoting Rimmer v. Colt Indus. Operating Corp., 656 F.2d 323, 326 (8th Cir. 1981)).  Accordingly, Trust and Estate Search's denial of this fact in its Answer is irrelevant at this stage of the proceedings.  See id. (stating that a defendant's previous denials in a responsive pleading are of "no concern" to a court considering judgment on the pleadings); Brief-McGurrin v. Cisco Sys., Inc, 2019 WL 1332357, at *2 (M.D.N.C. Mar. 25, 2019) (stating that the factual allegations in an answer are taken as true only where and to the extent they have not been denied or do not conflict with a complaint) (quotation omitted); Back v. ConocoPhillips Co., 2012 WL 6846397, at *8 (D.N.M. Aug. 31, 2012) (stating that in considering a motion for judgment on the pleadings, all the nonmoving party's allegations are deemed to be true, and all the movant's contrary assertions are taken to be false); Tollison v. B & J Mach. Co., Inc., 812 F. Supp. 618, 619 (D.S.C. 1993) ("When a defendant moves for a judgment on the pleadings, the well pleaded factual allegations of the complaint are taken as true, but those of the answer are taken as true only when they are not denied or do not conflict with the complaint.") (citations omitted).

### III. ANALYSIS

#### A. Legal Standard

Federal Rule of Civil Procedure 12(c), applicable in adversary proceedings under Federal Rule of Bankruptcy Procedure 7012(b), specifies that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." In considering a motion for judgment on the pleadings, the Court accepts as true the facts in the complaint and draws all reasonable inferences in favor of the nonmoving party. Partridge v. City of Benton, 929 F.3d 562, 564 (8th Cir. 2019). "Judgment on the pleadings 'should be granted only if the moving party has clearly demonstrated that no material issue of fact remains and the moving party is entitled to judgment as a matter of law.'" Id. at 564–65 (quoting Whatley v. Canadian Pac. Ry., 904 F.3d 614, 617–18 (8th Cir. 2018)). A court should not dismiss a complaint on such a motion "unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." St. Paul Ramsey Cty. Med. Ctr. v. Pennington Cty., 857 F.2d 1185, 1188 (8th Cir.1988) (citations omitted).

In its Motion to Dismiss, Trust and Estate Search correctly observes that the Trustee did not specify in his Complaint whether he alleges the transfer was actually or constructively fraudulent under section 548. Doc. 5. Trust and Estate Search asserts, however, that the Trustee is not entitled to relief under either theory. Id. In his responsive brief, the Trustee limits his analysis to constructively fraudulent transfer principles. The Court will limit its analysis accordingly.

3

### B. Constructively Fraudulent Transfer

The Trustee may avoid transfers within the two-year period prior to the petition for bankruptcy relief by proving the following elements of constructive fraud under section 548(a)(1)(B) by a preponderance of the evidence:

> (1) an interest of the debtor in property; (2) was voluntarily or involuntarily transferred; (3) within [two years] of filing bankruptcy; (4) where the debtor received less than reasonably equivalent value; and (5) debtor was insolvent at the time of the transfer or became insolvent as a result thereof.

Sullivan v. Welsh (In re Lumbar), 457 B.R. 748, 753 (B.A.P. 8th Cir. 2011) (citing Schnittjer v. Houston (In re Houston), 385 B.R. 268, 272 (Bankr. N.D. Iowa 2008)).

The only element the Trustee addresses is the fourth—whether the transfer was made for reasonably equivalent value. Doc. 6. This Court outlined the standards related to whether a transfer is made for reasonably equivalent value in Doeling v. O'Neill (In re O'Neill):

> Whether a transfer is made for reasonably equivalent value is a question of fact. Id. (citing Jacoway v. Anderson (In re Ozark Rest. Equip. Co.), 850 F.2d 342, 344 (8th Cir. 1988)).
>
> Courts consider three factors in analyzing reasonably equivalent value: whether "(1) value was given; (2) it was given in exchange for the transfer; and (3) what was transferred was reasonably equivalent to what was received." In re S. Health Care of Ark., Inc., 309 B.R. at 319 (citations omitted); In re Richards & Conover Steel, Co., 267 B.R. 602, 608 (8th Cir. BAP 2001) (citing Steffens v. Citicorp Mortgage, Inc., 148 B.R. 914, 916 (Bankr. W.D. Mo.1993)).
>
> The Bankruptcy Code defines "value" as "property in satisfaction or securing of a present or antecedent debt of the debtor, but does not include an unperformed promise to furnish support to the debtor or to a relative of the debtor." 11 U.S.C. § 548(d)(2)(A). "A transfer is in exchange for value if one is the quid pro quo of another." In re Richards & Conover Steel, Co., 267 B.R. at 612; Kaler v. Able Debt Settlement, Inc. (In re Kendall), 440 B.R. 526, 532 (8th Cir. BAP 2010).

\* \* \*

4

>   "There is no bright line rule used to determine when reasonably equivalent value is given." In re Lindell, 334 B.R. at 255 (citation omitted). Rather, courts consider the entire situation and base their analysis on the totality of circumstances. Id.; Sullivan v. Schultz (In re Schultz), 368 B.R. 832, 836 (Bankr. D. Minn. 2007) (citation omitted); In re Ozark Rest. Equip. Co., 850 F.2d at 345.
>
>   The question of reasonably equivalent value is answered by determining "whether the debtor received 'value that is substantially comparable to the worth of the transferred property'" or, phrased another way, whether the debtor "received a fair exchange in the marketplace for the goods transferred." Courts also consider the "important elements" of "(1) fair market value and (2) whether there was an arm's length transaction." Schnoor v. Dailey (In re Schnoor) 510 B.R. 868, 874 (Bankr. D. Minn. 2014) (citations and internal quotation marks omitted).
>
>   A monetary payment is unquestionably "value." In re S. Health Care of Ark., Inc., 309 B.R. at 319. Other benefits and burdens are considered "value" as well. "'[T]he requirement of economic benefit to the debtor does not demand consideration that replaces the transferred property with something else tangible or leviable that can be said to satisfy the creditor's claims.'" In re Richards & Conover Steel Co., 267 B.R. at 612–13 (citing 2 Bankr. § 6–49 at p. 33 (David G. Epstein ed., 1992)). When evaluating whether a debtor received the reasonable equivalence of other consideration, a court must examine the whole transaction and measure all the direct or indirect benefits and burdens. Id. at 612; In re S. Health Care of Ark., Inc., 309 B.R. at 319. "If the measure for reasonable equivalency is the value of an indirect benefit then that benefit must be tangible." In re S. Health Care of Ark., Inc., 309 B.R. at 319 (citation omitted). Indirect, non-economic, intangible, psychological benefits, such as a possible burden on a marital relationship or preservation of a family relationship, are not sufficient to constitute reasonably equivalent value. Dietz v. St. Edward's Catholic Church (In re Bargfrede), 117 F.3d 1078, 1080 (8th Cir.1997) (citations omitted). Ultimately, a "determination of reasonably equivalent value is 'fundamentally one of common sense, measure[d] against market reality.'" In re Schnoor, 510 B.R. at 874 (citation omitted).

550 B.R. 482, 509–11 (Bankr. D.N.D. 2016).

Trust and Estate Search contends that the transfer in this case was made for

reasonably equivalent value because it was an arm's length transaction for less than the

5

market rate. Doc. 5. It cites several cases that it asserts support the proposition that its 29 percent heir finder's fee is reasonable as a matter of law.

The Court is not convinced that the cases cited by Trust and Estate Search establish reasonably equivalent value as a matter of law in this case for several reasons. First, significant factual distinctions between each of the cases Trust and Estate Search cites and this adversary proceeding severely limit the cases' persuasiveness. See Doc. 6. Second, Trust and Estate Search has not established that 29 percent of Debtor's distribution is a fair exchange in the marketplace applicable to Debtor wherever she signed the contract in 2017 by citing a 1952 Rhode Island case, a 1990 Wisconsin case, 1999 and 2010 New Jersey cases and a 1995 Pennsylvania case. Third, Trust and Estate Search has not shown that its fee was reasonable under the circumstances in this case as a matter of law because the parties dispute facts that are relevant to the "totality of the circumstances" analysis. Specifically, they dispute whether Debtor knew about her grandmother's death and whether family members knew where to contact Debtor to inform her about her inheritance. Consequently, whether Debtor received reasonably equivalent value for the fee she paid remains a question of fact, precluding entry of judgment as a matter of law.

For these reasons, Trust and Estate Search has not met its burden of showing that it is entitled to judgment as a matter of law.

The Court considered all other arguments and deems them to be without merit or unnecessary to address.

6

IV.     **CONCLUSION**

For the reasons stated above, **IT IS ORDERED**:

Trust and Estate Search's motion for judgment on the pleadings is DENIED.

Dated: November 8, 2019.

*/s/ Shon Hastings*

SHON HASTINGS, JUDGE
UNITED STATES BANKRUPTCY COURT

7